## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DARYL WALLACE** <br> C/O Gerhardstein & Branch Co. LPA <br> 441 Vine Street, Suite #3400 <br> Cincinnati, OH 45202 <br><br> Plaintiff, <br><br> vs. <br><br> **MONTGOMERY COUNTY, OHIO** <br> **and THE MONTGOMERY COUNTY** <br> **BOARD OF COMMISSIONERS** <br> 451 W. Third St. <br> Dayton, OH 45422, <br><br> and <br><br> **PHIL PLUMMER, SHERIFF** <br> c/o Montgomery County Sheriff's Office <br> 345 West Second Street <br> Dayton, OH 45422, <br><br> and, <br><br> **JERRID CAMPBELL** <br> c/o Montgomery County Sheriff's Office <br> 345 West Second Street <br> Dayton, OH 45422, <br><br> Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. 3:17-cv-183 <br><br><br><br> **CIVIL COMPLAINT AND** <br> **JURY DEMAND** |

### I. PRELIMINARY STATEMENT

1. This is a civil rights action brought against Montgomery County Sheriff Corrections Officer Jerrid Campbell who viciously beat Daryl Wallace with impunity while he was in custody at the Montgomery County Jail. Without legal authority,

Defendant Campbell used excessive force on Mr. Wallace, who was not a risk to the safety of anyone. Mr. Wallace seeks compensatory damages, punitive damages, and reasonable attorney fees for the injuries caused by Defendant Campbell's excessive use of force.

## II. JURISDICTION

2.      Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4).  Venue is proper in this Division.

## III. PARTIES

3.      Plaintiff Daryl Wallace was at all times relevant to this action a resident of Montgomery County, Ohio, and a citizen of the State of Ohio.

4.      Defendant Montgomery County is a unit of local government organized under the laws of the State of Ohio.  The County is sued through the Montgomery County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12.  Defendant Montgomery County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

5.      Defendant Sheriff Phil Plummer is an Ohio law enforcement officer and was at all times relevant to this action duly elected Sheriff of Montgomery County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and in his official capacity.  He was a county policy maker with respect to customs, practices, policies and procedures at the Montgomery County Jail.

6.      Defendant Jerrid Campbell was at all times relevant to this action a Montgomery County Sheriff's Corrections Officer employed by Montgomery County,

Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

## IV. STATEMENT OF FACTS

7. Daryl Wallace was born and raised in Dayton, Ohio.

8. On September 28th, 2015, he was an inmate in the Montgomery County Jail.

9. The hot water was not working in his cell.

10. Over the course of the morning, Mr. Wallace twice complained to defendant correction officer Jerrid Campbell about the lack of hot water in his cell.  Jerrid Campbell refused to call maintenance to address the problem.

11. Around 11:15 a.m., Mr. Wallace got frustrated, cursed at defendant Campbell, and called him a name.  Mr. Wallace then walked away across the day room of the pod.

12. Defendant Campbell followed him and told him to stop. Mr. Wallace obeyed and stopped and turned to face defendant Campbell.

13. Campbell then shoved Mr. Wallace off his feet to the ground.  Campbell then pummeled Mr. Wallace with punch after punch while holding handcuffs and using them like brass knuckles.

14. After being struck in the head and body numerous times, Mr. Wallace pushed defendant Campbell off of him, causing Campbell to fall backwards.

15. Both Mr. Wallace and defendant Campbell returned to their feet. Campbell then walked towards Mr. Wallace again and pushed him to the ground and punched him.

16. By then additional corrections officers responded to the pod and Mr. Wallace was handcuffed.

17. Defendant Campbell's assault on Mr. Wallace was captured on video and the video is attached to this complaint as Exhibit A. The relevant events begin at 11:17:08.

18. After assaulting him, Defendant Campbell led Mr. Wallace out of the pod to another part of the jail. They entered an elevator and Campbell pushed Mr. Wallace's head into the corner of the elevator.

19. Mr. Wallace was then seen by a medic. He was bleeding from his scalp. His wound was cleaned and dressed. The dressings on his wound were replaced numerous times over the following weeks. He was monitored for neurological injuries.

20. Mr. Wallace began experiencing migraines after being assaulted. To this day he regularly experiences migraines that can get so bad that it feels like his forehead swells, the pain paralyzes him, and he vomits.

21. Mr. Wallace's vision has also worsened since the assault.

22. In addition to the physical injuries and pain Mr. Wallace has suffered, he has also experienced humiliation, embarrassment, and mental anguish as a result of Jerrid Campbell's assault.

23. Defendant Jerrid Campbell used an unreasonable and excessive amount of force against Mr. Wallace. In fact, the incident was investigated by the Montgomery County Sheriff's Office and Jerrid Campbell was disciplined for using excessive force.

24. Defendant Campbell caused Mr. Wallace's injuries, which were a foreseeable result of defendant Campbell's use of unnecessary and excessive force.

25. The force Defendant Campbell used was applied maliciously and sadistically to cause harm, for no valid penological reason, and violated clearly established law.

26. The policies, training, and supervision of Montgomery County and the Montgomery County Sheriff have allowed excessive force to be used in the Montgomery County Jail. There has been a pattern of correction officers using excessive force on inmates at the Montgomery County jail under Sheriff Plummer.

27. Defendants' actions were done with intent, recklessness, deliberate indifference, malice, callousness, without objective reasonableness, and were done wantonly and oppressively without penologicaly purpose.

28. Defendant Campbell's beating Mr. Wallace with a weapon and his fists was in retaliation against Mr. Wallace for cursing and calling Campbell a name.

29. Defendants have each acted intentionally, recklessly, and with deliberate indifference to the federally protected rights of the Plaintiff. These actions reflect an arbitrary abuse of government power, which shocks the conscience.

30. Defendant Campbell was not acting in good faith to maintain or restore order because Mr. Wallace was not posing a threat to anyone.

31. At the time of Mr. Wallace's injury, the Montgomery County Jail had a pattern and practice of openly using excessive force against its inmates. This includes injuries to Amber Swink in 2015 when jail officers used OC spray on her while she was fully restrained in a restraint chair and being recorded. This includes injuries to Joseph Guglielmo who was assaulted by a corrections officer in his cell in 2015 causing him permanent brain injuries in front of several officers. This also includes Louis Aldini Jr., a

5

military officer whom officers viciously beat and tased, and placed in a restraint chair, while he was in their custody in 2006. Jail officers also used excessive force in causing the death of Robert Andrew Richardson Sr. in 2012, whom, when ill in his cell and suffering from a medical emergency, officers allegedly pinned to the ground prone on his stomach and applied significant weight to his back to the point where he ceased breathing.

## V. CAUSE OF ACTION – 42 U.S.C. § 1983

32. Defendants, while acting under color of state law, deprived Plaintiff of his rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including Plaintiffs' right to exercise freedom of speech without retaliation, right to be free from excessive force, his right to be free from cruel and unusual punishment, and his right to be free of governmental actions that shock the conscience. Defendant Montgomery County's policies, practices, and customs were a moving force behind Plaintiffs' injuries. Montgomery County failed to properly supervise, train, and discipline Defendant Campbell. Montgomery County ratified Defendant Campbell's unconstitutional conduct.

## VI. CLAIM FOR RELIEF

WHEREFORE, Plaintiff demands that the court:

A. Award plaintiff compensatory damages in an amount to be determined at trial;

B. Award plaintiff punitive damages against the individual Defendants (not the County Defendant) in an amount to be determined at trial;

C. Award plaintiff reasonable attorney fees and costs; and

D. Order such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Adam Gerhardstein
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Attorney for Plaintiff
Adam G. Gerhardstein (0091738)
Attorneys for Plaintiff
GERHARDSTEIN & BRANCH CO. LPA
441 Vine Street, Suite #3400
Cincinnati, Ohio 45202
(513) 621-9100
(513) 345-5543 (fax)
jbranch@gbfirm.com
agerhardstein@gbfirm.com
adamgerhardstein@gbfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/ Adam Gerhardstein
Adam Gerhardstein