**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DARYL WALLACE** | : | **CASE NO.: 3:17-cv-00183** |
| Plaintiff, | : | **JUDGE THOMAS M. ROSE** |
| vs. | : | |
| **MONTGOMERY COUNTY, OHIO** | : | **ANSWER OF DEFENDANTS** |
| And **THE MONTGOMERY COUNTY** | | **MONTGOMERY COUNTY, OHIO** |
| **BOARD OF COMMISSIONERS, et al.,** | : | **and THE MONTGOMERY COUNTY** |
| | | **BOARD OF COMMISSIONERS AND** |
| Defendants. | : | **MONTGOMERY COUNTY SHERIFF** |
| | | **PHIL PLUMMER AND CROSS CLAIM** |
| | | **AGAINST DEFENDANT JERRID** |
| | | **CAMPBELL** |
| | | **(Jury Demand Endorsed Herein)** |

Now come Defendants Montgomery County, Ohio and the Montgomery County Board of Commissioners and Montgomery County Sheriff Phil Plummer ("Montgomery County Defendants"), by and through counsel, and for their answer to Plaintiff's Complaint (the "Complaint"), state as follows:

**FIRST DEFENSE:**

**I.     PRELIMINARY STATEMENT**

1. Montgomery County Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**II.     JURISDICTION**

2. Montgomery County Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint concerning the proper jurisdiction and venue of this Court.

## III.    PARTIES

3. In response to the allegations contained in Paragraph 3 of the Complaint, the Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

4. In response to the allegations contained in Paragraph 4 of the Complaint, the Montgomery County Defendants deny all allegations, except to admit that Defendant Montgomery County is a unit of local government organized under the laws of the State of Ohio and at all times relevant to this case acted under color of law.

5. In response to the allegations contained in Paragraph 5 of the Complaint, the Montgomery County Defendants deny all allegations except to admit that Defendant Sheriff Phil Plummer is an Ohio law enforcement officer who at all times relevant to this case acted under color of law and was at all times relevant to this action the duly elected Sheriff of Montgomery County, Ohio.

6. In response to the allegations contained in Paragraph 6 of the Complaint, the Montgomery County Defendants admit at all times relevant to the alleged incident giving rise to this Complaint, that Defendant Jerrid Campbell was a Montgomery County Sheriff Corrections Officer employed by Montgomery County. Montgomery County Defendants admit Defendant Jerrid Campbell is a "person" as defined pursuant to 42 U.S.C. § 1983 and that Defendant Campbell is being sued by Plaintiff in both his individual and official capacities. As to the remainder of the allegations contained in Paragraph 6 of the Complaint, the Montgomery County Defendants lack

knowledge or information sufficient to form a belief about the truth of said allegations, and as such deny for lack of knowledge.

## IV. STATEMENT OF FACTS

7. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 7 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

8. Montgomery County Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Montgomery County Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Montgomery County Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 11 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

12. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 12 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

13. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 13 of the

Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

14. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 14 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

15. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 15 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

16. Montgomery County Defendants admit the allegations contained in Paragraph 16 of the Complaint that one or more corrections officers responded to an incident involving the Plaintiff on September 28, 2015. As to the remaining allegations contained in Paragraph 16 of the complaint, the Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

17. Montgomery County Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 18 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Montgomery County Defendants admit that the Plaintiff was seen by a medical professional or medical professionals and provided appropriate medical treatment, as necessary. As to the remaining allegations contained in Paragraph 19 of the Complaint, the Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

20. Montgomery County Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Montgomery County Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Montgomery County Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. In response to the allegations contained in Paragraph 23 of the Complaint, the Montgomery County Defendants admit that Defendant Jerrid Campbell and the September 28, 2015 incident involving the Plaintiff was the subject of an internal investigation by the Montgomery County Sheriff's Office. Montgomery County Defendants admit that Jerrid Campbell was found to have violated Montgomery County Sheriff's Office policy. As to the remainder of the allegations in Paragraph 23 of the Complaint, the Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

24. Montgomery County Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 25 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

26. Montgomery County Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Montgomery County Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 28 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

29. Montgomery County Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. The Montgomery County Defendants lack knowledge or information sufficient to form a belief about the truth of said allegations contained in Paragraph 30 of the Complaint, and as such, the Montgomery County Defendants deny said allegations for lack of knowledge.

31. Montgomery County Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## V. CAUSE OF ACTION – 42 U.S.C. § 1983

32. Montgomery County Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and the Montgomery County Defendants further deny that Plaintiff is entitled to the relief sought in the prayer for relief that follows Paragraph 32, including all subparts, contained in Plaintiff's Complaint. Further, Montgomery County Defendants deny each and every statement, allegation, and averment contained in Plaintiff's Complaint which is not specifically herein admitted to be true.

### SECOND DEFENSE

33. The Montgomery County Defendants enjoy qualified immunity under federal law.

### THIRD DEFENSE

34. The Montgomery County Defendants enjoy state law immunity under Ohio Revised Code Chapter 2744.

### FOURTH DEFENSE

35. Plaintiff fails to state a claim against the Montgomery County Defendants upon which relief may be granted.

### FIFTH DEFENSE

36. All or part of the Complaint is barred by the applicable statute of limitations and/or common law doctrine of laches.

**SIXTH DEFENSE**

37. The Montgomery County Defendants deny that force was used on Plaintiff. Alternatively, at all material times, any force that was used was reasonable and necessary under the circumstances at issue in this case.

**SEVENTH DEFENSE**

38. The Montgomery County Defendants may have acted with lawful privilege.

**EIGHTH DEFENSE**

39. The Montgomery County Defendants did not perform any wrongful acts, including but not limited to any negligent, knowing, or purposeful acts with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

**NINTH DEFENSE**

40. Plaintiff failed to exhaust any applicable administrative remedies.

**TENTH DEFENSE**

41. Plaintiff's claims for punitive damages, which the Montgomery County Defendants deny have merit, are unconstitutional, and are subject to bifurcation and any applicable statutory caps under Ohio law, including those set forth in Ohio Revised Code Section 2315.21.

**ELEVENTH DEFENSE**

42. Plaintiff's alleged damages were not directly, proximately, or actually caused by any alleged wrongdoing of the Montgomery County Defendants.

**TWELFTH DEFENSE**

43. Plaintiff's claims are barred by an intervening and superseding cause.

**THIRTEENTH DEFENSE**

44. Any injuries or damages allegedly sustained by Plaintiff were proximately caused by acts or omissions of third parties over whom the Montgomery County Defendants had no right or authority to control and for whom the Montgomery County Defendants are not liable.

**FOURTEENTH DEFENSE**

45. Liability may be apportioned among non-parties.

**FIFTEENTH DEFENSE**

46. Pursuant to Ohio Revised Code Section 2307.23(C), a specific percentage of the alleged tortious conduct that proximately caused the alleged injury or loss to person or property is attributable to one or more persons from whom the Plaintiff does not seek recovery in this action.

### SIXTEENTH DEFENSE

47. The Court may not have personal jurisdiction over the Montgomery County Defendants.

### SEVENTEENTH DEFENSE

48. Plaintiff may not have standing, capacity to sue, and/or may not be the real party in interest.

### EIGHTEENTH DEFENSE

49. Plaintiff's claims may be barred in total or in part under the doctrines of waiver, res judicata, or estoppel.

### NINETEENTH DEFENSE

50. Any and all claims for damages are limited under Ohio Revised Code Section 2744.05.

### TWENTIETH DEFENSE

51. The Montgomery County Defendants acted reasonably, in good faith, and did not violate clearly established law.

### TWENTY-FIRST DEFENSE

52. The Complaint failed to join parties and claims required to be joined under Federal Rule of Civil Procedure 19.

**TWENTY-SECOND DEFENSE**

53. Some or all of the claimed damages are barred due to failure to mitigate.

**TWENTY-THIRD DEFENSE**

54. The Plaintiff may have failed to comply with applicable statutes and/or regulations regarding the assertion of the Plaintiff's claims.

**TWENTY-FOURTH DEFENSE**

55. Any recovery by the Plaintiff, which is denied, is subject to the provisions and limitations of Chapter 2315 of the Ohio Revised Code.

**TWENTY-FIFTH DEFENSE**

56. Plaintiff's claims are barred as a result of Plaintiff's own criminal conduct.

**TWENTY-SIXTH DEFENSE**

57. Plaintiff's action is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

**TWENTY-SEVENTH DEFENSE**

58. At no time material hereto did the Montgomery County Defendants act with deliberate indifference to any federally protected rights of the Plaintiff.

### TWENTY-EIGHTH DEFENSE

59. At no time material hereto did there exist an unconstitutional policy, practice, or custom on the part of the Montgomery County Board of Commissioners, the Montgomery County Sheriff's Office, or Defendant Plummer.

### TWENTY-NINTH DEFENSE

60. Plaintiff's claims for punitive damages are barred by Ohio Revised Code Section 2744.05.

### THIRTIETH DEFENSE

61. The Montgomery County Defendants reserve the right and give notice that this Answer may be amended as additional facts become known during the pendency of this litigation.

### CROSS-CLAIM vs. JERRID CAMPBELL

62. These answering Defendants re-allege all of the admissions, denials, and averments in Paragraphs 1 through 61, as if fully rewritten herein.

63. Exclusively for the purposes of pleading their cross-claim against Defendant Campbell, these Defendants incorporate by reference herein all of the allegations against Defendant Campbell contained in Plaintiff's Complaint.

64. In the event that judgment is rendered against these answering Defendants, then they are entitled to complete indemnity from Defendant Campbell, whose acts were the sole and only proximate cause of Plaintiff's injuries, if any.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants Montgomery County, Ohio and Montgomery County Board of Commissioners and Montgomery County Sheriff Phil Plummer respectfully request that Plaintiff's Complaint be dismissed with prejudice, that Judgment be entered in the Montgomery County Defendants' favor, and that the Montgomery County Defendants recover all costs and attorney's fees from Plaintiff.

Respectfully submitted,

MATHIAS H. HECK, JR.
PROSECUTING ATTORNEY

By: /s/ Benjamin A. Mazer
Benjamin A. Mazer, (0087756)
Anne M. Jagielski, (0093047)
Assistant Prosecuting Attorneys
301 West Third Street
P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 496-7176
Fax Number: (937) 225-4822
E-mail: mazerb@mcohio.org
jagielskia@mcohio.org

Attorneys for Defendants Montgomery County Ohio/Board of County Commissioners, and Montgomery County Sheriff Phil Plummer

### CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties in this case registered with the CM/ECF system, or, if they are not registered users, by mailing a copy via certified United States mail.

By: /s/ Benjamin A. Mazer
Benjamin A. Mazer, (0087756)