UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DARYL WALLACE,

    Plaintiff,

vs.

MONTGOMERY COUNTY, OHIO, *et al.*,

    Defendants.

Case No. 3:17-cv-183

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT: (1) JERRID CAMPBELL'S CLAIMS BE DISMISSED FOR FAILURE TO PROSECUTE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

---

This civil case came before the Court for a show cause hearing by telephone on April 3, 2019. Attorneys Benjamin Mazer and Anne Jagielski participated on behalf of the Montgomery County, Ohio Defendants. *Pro se* party Jerrid Campbell did not appear.

Previously, Campbell failed to appear for a telephone scheduling conference on March 1, 2019. *See* docs. 59, 60. As a result of Campbell's failure to appear at that conference, the undersigned ordered Campbell to show cause, in writing and within 14 days, as to why sanctions should not issue. *See* doc. 60. Campbell was notified that his failure to respond to the Court's Order could result in the dismissal of his claims for failure to prosecute. *Id*. Campbell did not respond and show cause within the time required. Instead, on March 20, 2019, Campbell sent an email to the Clerk of Courts stating:

> Hello sir can you please give me a call at 937-654-[remaining number omitted].
> I'm trying to find a new lawyer so my case won't get dismissed.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

As a result of Campbell's email, and in the interest of justice, the undersigned extended the deadline by which Campbell could show cause and set the April 3, 2019 telephone hearing to provide Campbell an opportunity to do so. *See* doc. 61.

Because Campbell failed to appear on March 1, 2019 and April 3, 2019, and because he has not shown cause as required by the Court's March 1, 2019 Order (doc. 60), the undersigned **RECOMMENDS** that: (1) Campbell's claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute; and (2) this case be **TERMINATED** on the Court's docket.


Date:  April 4, 2019                                         s/ Michael J. Newman
                                                             Michael J. Newman
                                                             United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).